# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                            Nos. CIV 14-0785 JB/KBM
                                                                                 CR 12-1681 JB

ALFONSO LEZINE,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 4 of the Rules Governing Section 2255 Proceedings, on the Defendant/Movant's Motion to Amend Judgment and Sentence, filed September 6, 2016 (CIV Doc. 11; CR Doc. 58)("Motion"). In his Motion, Defendant/Movant Alfonso Lezine asks the Court to enter an amended judgment directing that his federal and state sentences will run concurrently. The Court lacks jurisdiction to grant Lezine the relief that he requests. Accordingly, the Court will dismiss the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2012, a grand jury indicted Lezine on six counts of interference with commerce by robbery and felon in possession of a firearm. See Indictment at 1-4, filed July 10, 2012 (CR Doc. 2). Lezine pled guilty to five of the six counts. See Plea Agreement at 2, filed April 16, 2013 (CR Doc. 36). On August 29, 2013, the Court sentenced Lezine to 180 months of imprisonment. See Judgment at 3, filed August 29, 2013 (CR Doc. 44)("Judgment"). The Judgment entered on his sentence ordered that the terms of imprisonment on the federal counts would run concurrently, but was silent as to any state court sentence. See Judgment at 3. At the time of his sentencing, Lezine had state criminal charges pending against him, but the New Mexico state courts had not sentenced

him. On April 4, 2014, he was convicted on the state criminal charges and sentenced to twenty-two years of incarceration with nine of those years suspended. The state court ordered that his state sentence run concurrently with his federal sentence. See State of New Mexico v. Lezine, D-202-CR-201201610, CLS: Judgment/Habitual, filed April 21, 2014 (text-only-entry).

Lezine filed his first motion under 28 U.S.C. § 2255 on August 19, 2014, raising claims of ineffective assistance of counsel, based largely on counsel's alleged failure to request concurrent federal and state sentences. See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 5, filed August 29, 2014 (CIV Doc. 1; CR doc. 50). On February 22, 2015, the Honorable Karen B. Molzen, Chief Magistrate Judge, entered Proposed Findings and Recommended Disposition, filed February 22, 2015 (CIV Doc. 6; CR Doc. 55)("PFRD"), concluding that Lezine had failed to establish ineffective assistance of counsel and recommending denial of his § 2255 motion. The Court adopted the Chief Magistrate Judge's PFRD and entered Final Judgment on the § 2255 motion on March 30, 2015. See Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at 1, filed March 30, 2015 (CIV Doc. 8; CR Doc. 56)("MOO"); Final Judgment at 1, filed March 30, 2015 (CIV Doc. 9; CR Doc. 57).

Lezine filed his current Motion on September 6, 2016. See Motion at 1. In his Motion, Lezine requests that the Court amend his sentence and Judgment to order that his federal and state sentences run concurrently. See Motion at 1-2.

**LAW REGARDING SECOND OR SUCCESSIVE § 2255 MOTIONS**

The exclusive remedy for testing a judgment and sentence's validity is that remedy which 28 U.S.C. § 2255 provides. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A motion that seeks to modify a sentence or judgment is properly construed as a § 2255 motion. Moreover, where

final judgment has been entered on a prior § 2255 motion, the motion is a second or successive motion for purposes of § 2255.  See, e.g., Peach v. United States, 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a panel of a Court of Appeals must certify a second or successive motion in accordance with 28 U.S.C. § 2244 to contain:  (1) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and which the Supreme Court made retroactive to cases on collateral review.  See 28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate Court of Appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3)(A).

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Court of Appeals] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(citing United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006)).  When a second or successive § 2255 motion is filed in the district court without the required authorization from the Court of Appeals, the district court may dismiss or may transfer the matter to the Court of Appeals if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631."  In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)).

### LAW REGARDING DESIGNATION OF PLACE OF CONFINEMENT AND CONCURRENT FEDERAL/STATE SENTENCES

When a federal sentence is imposed before an anticipated state criminal sentence, the federal district court has discretion to order that the federal sentence will run concurrently with the state sentence.  See Setser v. United States, 556 U.S. 231, 233-45 (2012).  The federal Bureau of Prisons

("BOP") is given primary authority over and is responsible for designating the place of a prisoner's federal confinement under 18 U.S.C. § 3621(b).  See United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010).  Section 3621(b) gives the BOP authority to order that a prisoner serve his federal sentence in any suitable prison facility "whether maintained by the Federal Government or otherwise."  Accordingly, "when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence -- effectively making the two sentences concurrent -- or decline to do so -- effectively making them consecutive."  Setser v. United States, 556 U.S. at 1467-68 (footnote omitted).

BOP Program Statement 5160.05 (Designation of State Institution for Service of Federal Sentence, Jan. 16, 2003), describes the administrative procedures for the designation of a state institution for concurrent service of a federal sentence.  This Program Statement also provides for the BOP's consideration of an inmate's request for nunc pro tunc designation allowing credit toward a federal sentence for time spent in service of a state sentence.  See BOP Program Statement 5160.05, ¶ 9.b(4), at 4-5.  The BOP can exercise this authority, however, only when it is consistent with the federal sentencing court's intent or with the criminal justice system's goals.  See BOP Program Statement 5160.05, ¶ 8, at 4.

Pursuant to § 3621(b) and BOP regulations, the district court may offer a recommendation whether the state and federal sentences should run concurrently or consecutively.  See 18 U.S.C. § 3621(b) (directing the BOP to consider any court statement "recommending a type of penal or correctional facility as appropriate"); BOP Program Statement 5160.05, ¶ 9.b(2), at 4 (noting that a sentencing court may "recommend[] a non-federal institution as the place of confinement").  The same BOP regulations permit a prisoner to seek a retroactive designation of concurrent service.  See BOP Program Statement 5160.05, ¶ 9.b(4), at 4-5.  See also Setser v. United States, 556 U.S. at 1468

n.1 (noting that the BOP sometimes makes its designation nunc pro tunc once the prisoner enters federal custody). The district court that imposed the sentence may offer a recommendation as to such a designation, but it has limited jurisdiction to modify the sentence. See United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014).

## ANALYSIS

Lezine's Motion does not identify the statutory basis for his request to amend his sentence and Judgment. Section 2255 provides the exclusive remedy for testing a judgment and sentence's validity. See Bradshaw v. Story, 86 F.3d at 166. Because Lezine seeks to modify his sentence and Judgment, the Court will construe the Motion as a § 2255 motion. Further, because Final Judgment has been entered on Lezine's prior § 2255 motion, the Court concludes that his Motion is a second or successive § 2255 motion. See Peach v. United States, 468 F.3d at 1270.

Lezine has filed his second § 2255 motion without a Court of Appeals' authorization as § 2244(b)(3)(A) requires. The Court thus lacks jurisdiction to consider his Motion. See In re Cline, 531 F.3d at 1251. The Court declines, moreover, to transfer Lezine's Motion to the United States Court of Appeals for the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (providing that a district court lacking jurisdiction over a second or successive § 2244 motion may transfer the motion to the court of appeals when in the interest of justice). As explained below, even if Lezine's Motion were not a second or successive § 2255 motion, the Court would still lack jurisdiction to grant Lezine the relief he seeks. Accordingly, it would be futile and not in justice's interests to transfer this matter to the Tenth Circuit. See In re Cline, 531 F.3d at 1252.

At the time of sentencing in the Court, no state sentence had been imposed on Lezine. The Court did not state that Lezine's sentence would run concurrently to any anticipated state sentence. See Judgment at 3. Cf. Setser v. United States, 556 U.S. at 233-45 (holding that the district court has

discretion to order that the federal sentence will run concurrently with an anticipated state sentence).

In its subsequent MOO, the Court explained the rationale behind this practice:

> The Court is generally disinclined to order a federal sentence to be served concurrently with a yet-to-be imposed state sentence. When the defendant faces state and federal charges, and the Court is sentencing last, it will often run the sentence concurrently, because it knows what the state has already done. When, however, the Court is going first, it usually does not run the sentence concurrently; the state can decide whether to run its sentence concurrently to the federal one. Sometimes, the two sentences are related, and it makes sense for the state to run its sentence concurrently. When the sentences are unrelated or when the state case involves different violations, it makes sense for the state to run them consecutively, so that the defendant is incarcerated as long as possible. Nothing in the record suggests that the Court would have deviated from its usual practice in this case.

MOO at 9. After the Court sentenced Lezine, the state court sentenced him and ordered that his state sentence run concurrently with his federal sentence. See State of New Mexico v. Lezine, D-202-CR-201201610, CLS: Judgment/Habitual, filed April 21, 2014 (text-only-entry). Lezine is serving his state sentence in a state correctional facility.

It is now for the BOP to decide whether to designate the state correctional facility as the place of Lezine's federal incarceration, thus effectively making the sentences concurrent. See Setser v. United States, 556 U.S. at 1467-68 (footnote omitted). As the Court explained in the MOO, if the BOP designates Lezine's state facility for service of his federal sentence, he will serve those two sentences concurrently. The Court reasoned:

> [T]he Court did not specify at sentencing whether Lezine's federal sentence should be served concurrently or consecutively with any future state sentence. The state court thereafter ordered that Lezine's state sentence be served concurrently with the federal sentence that the Court imposed. Additionally, it is now the BOP -- not the Court -- that is vested with discretion to determine whether Lezine's state facility will be designated for service of his federal sentence." See, e.g, Brewer v. United States, No. CIV 07-5405 CBA, 2008 WL 4934038, at *1 (E.D.N.Y. Nov. 18, 2008)(Amon, J.)("When the federal sentence is imposed before the state sentence, . . . the Bureau of Prisons has discretion to designate the state prison a federal facility so that the two prison terms run concurrently rather than consecutively." (citing Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75-76 (2d Cir. 2005)).

- 7 -

MOO at 10. The Court may, and has, made a recommendation that the sentences run concurrently. See MOO at 10. The Court is without authority, however, to amend or modify its original sentence or Judgment. As a result, even if Lezine's Motion is not construed as a second or successive § 2255 motion, the Court would still lack jurisdiction to grant the relief Lezine requests in his Motion, i.e., an order that his sentences run concurrently. See United States v. Baker, 769 F.3d at 1198. It is thus not in justice's interests to transfer this matter to the Tenth Circuit pursuant to § 1631. See In re Cline, 531 F.3d at 1252.

    **IT IS ORDERED** that the Defendant/Movant's Motion to Amend Judgment and Sentence, filed September 6, 2016 (CIV Doc. 11; CR Doc. 58), is dismissed for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Damon P. Martinez
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff/Respondent*

Alfonzo Lezine
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Defendant/Movant pro se*